NO. 07-07-0228-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 21, 2007


______________________________



IN RE ROB L. NEWBY, RELATOR


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON MOTION FOR REHEARING


 Relator Rob L. Newby, acting pro se, has filed a motion for rehearing of our
disposition of his petition for a writ of mandamus. We dismissed his petition in part and
denied it in part, and now will overrule the motion for rehearing.

 Relator's original petition alleged the Hon. David M. McCoy, judge of the 100th
District Court, failed to take certain actions with respect to relator's civil suit despite relator's
requests. We dismissed the petition in part and denied the petition in part as to the relief
sought against Judge McCoy, finding relator failed to demonstrate the judge has refused
to perform a nondiscretionary or ministerial act. Shortly after our original opinion was
issued, relator filed a "motion to supplement the record," which incorporates his allegation
Judge McCoy expressly refused to rule on pending motions. On rehearing he again
alleges Judge McCoy has refused to rule on a pending motion. 

 As we noted on original submission, this Court has held that the acts of giving
consideration to and ruling on motions properly filed and pending before a trial court are
ministerial acts the performance of which, in a proper case, may be enforced by
mandamus. In re Christensen, 39 S.W.3d 250, 251 (Tex.App.-Amarillo 2000) (orig.
proceeding); see Ex parte Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001) (orig.
proceeding); In re Ramirez, 994 S.W.2d 682, 683 (Tex.App.-San Antonio 1998) (orig.
proceeding) (considering requests for mandamus relief); see also Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997) (orig. proceeding). But the law
is equally well-settled that one requesting mandamus relief bears the burden to provide a
record sufficient to establish his right to the relief. See Walker v. Packer, 827 S.W.2d 833,
837 (Tex. 1992) (stating standard); In re Villareal, 96 S.W.3d 708, 711 (Tex.App.-Amarillo)
(orig. proceeding) (applying standard to claim of trial court's failure to rule). (1) The rules
governing original proceedings require a relator to provide certified or sworn copies of any
order or other document showing the matter complained of. Tex. R. App. P. 52.3(j)(1)(A). 
Relator has not provided us with a record showing Judge McCoy's refusal to act on a
motion properly filed and pending in his court. Relator's mere statement characterizing a
response he alleges he received from Judge McCoy as one refusing to rule on relator's
motions does not meet the requirement of a record (2) establishing relator's right to the relief
he seeks. Having considered the supplemental materials relator has filed together with his
motion for rehearing, we find he still has not demonstrated Judge McCoy has refused to
perform a nondiscretionary or ministerial act. See Villareal, 98 S.W.3d at 711 (describing
factors relevant to such determination). We overrule relator's motion for rehearing. 

 Per Curiam 
1. Relator's original petition for mandamus contained the request that we "excuse him
from Rule [of Appellate Procedure] 52.7." We dismissed the request as moot on original
submission, but we could as well have denied it on its merits. Litigants proceeding pro se,
like other litigants, must abide by the applicable rules of procedure. Holt v. F. F.
Enterprises, 990 S.W.2d 756, 759 (Tex.App.-Amarillo 1998, pet. denied). 
2. For example, relator makes repeated references to correspondence he says he
received from Judge McCoy, but relator has not provided us with any such
correspondence. 



oceeding, the State must prove by a
preponderance of the evidence that the probationer violated a condition of the probation.
Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Although one sufficient
ground for revocation supports a revocation order, Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. 1979), a plea of true standing alone is sufficient to support the trial court's
revocation order. Moore v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

 At the hearing on the motion to revoke, appellant entered a plea of true to the
allegations in the motion to revoke. This in itself is sufficient to support the revocation
order. Appellant was also sworn and testified. We have carefully examined the record of
the revocation hearing. We can only conclude that appellate counsel is correct in his brief
and that the trial court did not abuse its discretion in revoking appellant's probation.

 Accordingly, the judgment of the trial court is affirmed and appellate counsel's
motion to withdraw is granted.

 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).