In re Dennis

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-167-CV

IN RE DONALD K. DENNIS RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator Donald K. Dennis asks this court to issue a writ of mandamus directing the trial court to rule on his motion for a free copy of the record for use in seeking post-conviction habeas relief.  We will conditionally grant the writ.

In March 2002, relator was tried and convicted of murder, for which he received a life sentence.  This court affirmed his conviction, and the court of criminal appeals refused his petition for discretionary review.  
Dennis v. State,
 No. 02-02-00098-CR (Tex. App.—Fort Worth May 22, 2003, pet. ref’d) (not designated for publication).

In March 2004, relator sent the Tarrant County District Clerk a letter, accompanied by a motion that relator asked the clerk to bring to the trial court’s attention.  The motion requested a free copy of the trial court record or, alternatively, permission to review the record for 120 days so that relator could prepare and file an application for post-conviction habeas relief.  On April 26, 2004, relator again asked the district clerk to bring relator’s motion to the trial court’s attention.  Finally, on May 24, 2004, relator sought mandamus relief from our court and sent a copy of the mandamus petition, with copies of his March and April 2004 documentation, to the trial court.  At our request, the State responded to relator’s petition; however, the response addresses only the merits of relator’s entitlement to a free record and not the trial court’s ministerial duty to rule on relator’s motion.

To be entitled to mandamus relief, relator must establish that he has no other adequate remedy at law and that the act sought to be compelled is a clear and fixed duty imposed by law that is purely ministerial, as opposed to discretionary or judicial in nature.  
Eubanks v. Mullin,
 909 S.W.2d 574, 576 (Tex. App.—Fort Worth 1995, orig. proceeding).  When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial.  
White v. Reiter,
 640 S.W.2d 586, 594 (Tex. Crim. App. 1982); 
Barnes v. State,
 832 S.W.2d 424, 426 (Tex. App.—Houston [1st
 Dist.] 1992, orig. proceeding).  The trial court has no discretion to refuse to act, but must consider and rule upon the motion within a reasonable time.  
Barnes
, 832 S.W.2d at 426.  Thus, mandamus is available to compel a trial court to make a ruling within a reasonable time.  
Id.; see also In re Christensen,
 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding).  Mandamus will not lie, however, to compel a trial court to rule a certain way on a motion.  
White,
 640 S.W.2d at 593-94; 
Christensen,
 39 S.W.3d at 251.

Because relator’s motion has been filed and pending since March 2004, relator is entitled to a ruling on his motion.  Accordingly, we conditionally grant relator’s petition for writ of mandamus and direct the trial court to comply with its ministerial duty by ruling on the motion.  We are confident that the trial court will issue a ruling; therefore, our writ of mandamus will issue only if the trial court refuses to rule.

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: July 8, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.