COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-167-CV
  
  
   
IN 
RE DONALD K. DENNIS                                                         RELATOR
 
 
  
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Relator 
Donald K. Dennis asks this court to issue a writ of mandamus directing the trial 
court to rule on his motion for a free copy of the record for use in seeking 
post-conviction habeas relief.  We will conditionally grant the writ.
        In 
March 2002, relator was tried and convicted of murder, for which he received a 
life sentence.  This court affirmed his conviction, and the court of 
criminal appeals refused his petition for discretionary review.  Dennis 
v. State, No. 02-02-00098-CR (Tex. App.—Fort Worth May 22, 2003, pet. 
ref’d) (not designated for publication).
        In 
March 2004, relator sent the Tarrant County District Clerk a letter, accompanied 
by a motion that relator asked the clerk to bring to the trial court’s 
attention.  The motion requested a free copy of the trial court record or, 
alternatively, permission to review the record for 120 days so that relator 
could prepare and file an application for post-conviction habeas relief.  
On April 26, 2004, relator again asked the district clerk to bring relator’s 
motion to the trial court’s attention.  Finally, on May 24, 2004, relator 
sought mandamus relief from our court and sent a copy of the mandamus petition, 
with copies of his March and April 2004 documentation, to the trial court.  
At our request, the State responded to relator’s petition; however, the 
response addresses only the merits of relator’s entitlement to a free record 
and not the trial court’s ministerial duty to rule on relator’s motion.
        To 
be entitled to mandamus relief, relator must establish that he has no other 
adequate remedy at law and that the act sought to be compelled is a clear and 
fixed duty imposed by law that is purely ministerial, as opposed to 
discretionary or judicial in nature.  Eubanks v. Mullin, 909 S.W.2d 
574, 576 (Tex. App.—Fort Worth 1995, orig. proceeding).  When a motion is 
properly filed and pending before a trial court, the act of giving consideration 
to and ruling upon that motion is ministerial.  White v. Reiter, 640 
S.W.2d 586, 594 (Tex. Crim. App. 1982); Barnes v. State, 832 S.W.2d 424, 
426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).  The trial 
court has no discretion to refuse to act, but must consider and rule upon the 
motion within a reasonable time.  Barnes, 832 S.W.2d at 426.  
Thus, mandamus is available to compel a trial court to make a ruling within a 
reasonable time.  Id.; see also In re Christensen, 39 S.W.3d 250, 
251 (Tex. App.—Amarillo 2000, orig. proceeding).  Mandamus will not lie, 
however, to compel a trial court to rule a certain way on a motion.  White, 
640 S.W.2d at 593-94; Christensen, 39 S.W.3d at 251.
        Because 
relator’s motion has been filed and pending since March 2004, relator is 
entitled to a ruling on his motion.  Accordingly, we conditionally grant 
relator’s petition for writ of mandamus and direct the trial court to comply 
with its ministerial duty by ruling on the motion.  We are confident that 
the trial court will issue a ruling; therefore, our writ of mandamus will issue 
only if the trial court refuses to rule.
 
 
                                                                  PER 
CURIAM
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.
 
DELIVERED: 
July 8, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.