NO. 07-07-0228-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 19, 2007


______________________________



IN RE ROB L. NEWBY, RELATOR


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON PETITION FOR WRIT OF MANDAMUS


 Relator Rob L. Newby, acting pro se, has filed a petition seeking issuance of a writ
of mandamus. We will dismiss the petition in part and deny it in part.

 According to relator's petition, he is incarcerated in the Institutional Division of the
Texas Department of Criminal Justice, and filed a civil suit in the 100th District Court
seeking damages and declaratory and injunctive relief against officials of the TDCJ's
Roach Unit in Childress County. He states that his claims arise from the officials' handling
of his grievance over damage to his radio.

 In his petition, relator asserts that the Hon. David M. McCoy, judge of the 100th
District Court, has failed to take certain actions with respect to relator's civil suit despite
relator's requests. He also asserts that the district clerk, Zona Prince, has ignored his
requests that she send him copies of documents he has filed in the civil suit. He asks that
we direct the district clerk to send him a copy of pleadings filed in the case, and direct
Judge McCoy "to set this case and serve the A.G." 

 A court of appeals has the authority to issue a writ of mandamus against a judge of
a district or county court in the court of appeals' district and all writs necessary to enforce
its jurisdiction. Tex. Gov't Code Ann. § 22.221(a),(b) (Vernon 2004). We have jurisdiction
to issue a writ of mandamus to the district clerk, then, only to the extent necessary to
enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(a); In re Washington, 7 S.W.3d
181, 182 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding). Our jurisdiction under
section 22.221(a) exists to enforce our actual, as opposed to potential, jurisdiction. In re
Johnson, No. 07-04-0048-CV, 2004 WL 384458 (Tex.App.-Amarillo, March 2, 2004, orig.
proceeding) (citing Shelvin v. Lykos, 741 S.W.2d 178, 181 (Tex.App.-Houston [1st Dist.]
1987, orig. proceeding)). As we sometimes have stated the rule, our writ authority under
section 22.221(a) applies only when the relief sought implicates a pending appeal. See,
e.g., In re Jackson, No. 07-03-0372-CV, 2003 WL 22047701 (Tex.App.-Amarillo
September 2, 2003, orig. proceeding). It does not appear that the relief sought by relator's
petition against the district clerk implicates a pending appeal, or affects our actual appellate
jurisdiction. Accordingly, we find the relief he seeks against the district clerk lies outside
our writ jurisdiction. 

 "Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law." Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985), quoted in Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). One seeking issuance of a writ of mandamus must provide
a sufficient record to establish his right to such relief. Walker, 827 S.W.2d at 837. The
relief sought by relator against Judge McCoy would issue only on a clear showing that the
trial court had a legal duty to perform a nondiscretionary or ministerial act; that he has been
requested to perform the act; and that he has refused to do so. Barnes v. State, 832
S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992) (orig. proceeding) (citing Stoner v.
Massey, 586 S.W.2d 843, 846 (Tex. 1979)). This court has held that the acts of giving
consideration to and ruling on motions properly filed and pending before a trial court are
ministerial acts the performance of which, in a proper case, may be enforced by
mandamus. See In re Christensen, 39 S.W.3d 250 (Tex.App.-Amarillo 2000) (orig.
proceeding).

 As noted, relator requests that we direct Judge McCoy to "serve the A.G." The
request demonstrates relator misunderstands the role of the trial court in service of process
in civil cases. Under the Texas Rules of Civil Procedure, arranging for service of citation
and a copy of the original petition on other parties is the responsibility of a litigant, not that
of the trial court. Rule 99 provides, in pertinent part, that, on the filing of the petition, "the
clerk, when requested, shall forthwith issue a citation and deliver the citation as directed
by the requesting party. The party requesting citation shall be responsible for obtaining
service of the citation and a copy of the petition." Tex. R. Civ. P. 99. Many other rules may
affect the requirements for service in a particular case, but reference to Rule 99 is sufficient
to show that relator is mistaken in his apparent belief the trial court bears responsibility to
initiate service on the defendants in his civil case. 

 In the context of the facts relator presents in his petition, we are not certain we
understand relator's request that we direct Judge McCoy to "set" his civil case. If he means
the judge should set the case for trial, it is apparent that the request is premature, since
the defendants have not been served with a copy of the petition or given an opportunity to
respond to it. See Tex. R. Civ. P. 245 (addressing assignment of cases for trial). In any
event, we find that relator has not demonstrated that Judge McCoy has refused to perform
a nondiscretionary or ministerial act so as to justify this court's intervention in the
scheduling of his court's trial docket. See Ho v. Univ. of Texas at Arlington, 984 S.W.2d
672, 693-94 (Tex.App.-Amarillo 1998, pet. denied) (recognizing trial court's wide discretion
to manage its docket). Accordingly, and accepting relator's statements in his petition as
true, (1) we nonetheless find that he has failed to demonstrate entitlement to the writ of
mandamus he seeks. 

 For the reasons stated, to the extent relator's petition seeks relief against the district
clerk Zona Prince, it is dismissed for want of jurisdiction, and to the extent it seeks relief
against Judge McCoy, it is denied. 

 Per Curiam 
1. Because the contentions made in relator's petition, on its face, do not establish his
entitlement to mandamus relief, we need not address the absence of certified or sworn
copies of documents material to relator's claim for relief, as required by Rule of Appellate
Procedure 52.7. Relator's request, included within his petition, that we "excuse him from
Rule 52.7" is therefore dismissed as moot. 



xtraneous offense during closing
argument at the punishment phase. However, counsel has also discussed the applicable
law and explained why each ground is without merit. 
          Thereafter, we conducted our own review of the record pursuant to Stafford v.
State, 813 S.W.2d 503 (Tex. Crim. App. 1991), and found no arguable issue warranting
reversal. 
          Accordingly, the motion to withdraw is granted, and the judgment is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.