NO. 07-08-0300-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2008

_____

IN RE ROB L. NEWBY, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator Rob L. Newby, an inmate proceeding *pro se*, seeks a writ of mandamus compelling the Honorable Stuart Messer, Judge of the 100th District Court of Childress County, to rule on a pending motion. We will deny the requested relief.

The appendix supporting relator's petition consists of carbon copies of the motion on which he seeks the trial court's ruling and a letter from relator to the district clerk of Childress County. By the motion, relator seeks an order compelling the district clerk to issue citation and assist him with service of process in his underlying suit. Relator dated the motion April 29, 2008, but the appendix copy does not bear the file stamp of the district clerk.

Relator's letter to the district clerk, apparently for transmittal of his motion, is also dated April 29. In its entirety, the body of the letter provides:

> "Enclosed is my 'Motion for Order to Clerk,' for filing and Judge Messer's immediate attention."

Nothing in the record before us indicates the motion was presented to Judge Messer or otherwise called to his attention.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). Relator must demonstrate a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *See Republican Party of Texas v. Dietz,* 940 S.W.2d 86, 88 (Tex. 1997). To obtain the relief he seeks, relator must also satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *See Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979). When a motion is properly pending before a trial court the act of considering and ruling on it is ministerial. *Eli Lilly and Co. v. Marshall,* 829 S.W.2d 157, 158 (Tex. 1992). A court's duty to rule on properly pending motions is enforceable by mandamus. *In re Christensen,* 39 S.W.3d 250, 251 (Tex.App.–Amarillo 2000, orig. proceeding).

We find relator's petition is insufficient to warrant the requested relief. No requirement exists that a court consider a motion not called to its attention. *Metzger v. Sebek,* 892 S.W.2d 20, 49 (Tex.App.–Houston [1st Dist.] 1994, writ denied). Filing a

2

motion with the district clerk does not prove it was brought to the attention of the trial court because the clerk's knowledge of the motion is not imputed to the trial court. *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding). Therefore, "[relator] must prove that the trial court received notice of the pleading . . . . Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement." *In re Metoyer,* No. 07-07-0506-CR, 2008 WL 123575, *1 n.2, 2008 Tex. App. Lexis 243, *4 n.2, (Tex.App.–Amarillo January 14, 2008, orig. proceeding) (citations omitted) (not designated for publication). The underlying logic of this precept needs no substantial explanation. "[A] court cannot be faulted for doing nothing when it is or was unaware of the need to act." *Id.* Relator's petition fails for want of proof that his motion was brought to the attention of the trial court. *See In re Posey,* No. 07-03-0518-CV, 2004 WL 111551, *1, 2004 Tex.App. Lexis 695 at *2-*3 (Tex.App.–Amarillo January 22, 2004, orig. proceeding) (mem. op.).

Relator's petition must be denied for a second reason. A trial court has a reasonable time to perform its ministerial duty. *Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable time has lapsed depends on the facts of each case. *Barnes v. State,* 832 S.W.2d 424, 426, (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Assuming for the sake of argument relator's motion was filed and presented to Judge Messer on April 29, 2008, we cannot say, on this record, Judge Messer has unreasonably delayed ruling on the motion. *See In re Gonzales,* No. 07-06-0324-CV, 2006 WL 2588696, *1, 2006 Tex. App. Lexis 8057,

3

*3, (Tex.App.–Amarillo Sept. 6, 2006, orig. proceeding) (mem. op.) (three months pendency of motion not unreasonable delay).

For these reasons, we deny relator's request for mandamus relief.

James T. Campbell
Justice