Petition for Writ of Mandamus Denied and Memorandum Opinion filed
December 11, 2008








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed December 11, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01096-CR

____________

 

IN RE JOHN WHITSON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
December 3, 2008, relator John Whitson filed a petition for writ
of mandamus.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Relator asks this
court to compel the judge of the 263rd District Court to rule on a motion
allegedly filed in that court.  We deny relator=s petition.








Relator was convicted in 1986 of burglary of a building and
sentenced to 60 years in prison.  Whitson v. State, 14-86-052-CR, 1986
WL 10971 (Tex. App.CHouston [14th Dist.] 1986, no pet.).  Attached to his
petition for writ of mandamus is a document entitled AMotion to Review Record Free Copy of
Trial Appeal Record.@  In the motion relator cites the Texas Public Information
Act (Tex. Gov=t Code Ann. ' 552.000, et. seq.) and requests the record for the purpose
of filing a writ of habeas corpus with the Court of Criminal Appeals.  See
Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon 2005).  Relator claims he filed the motion with the trial court
and the court has refused to rule.  

To be
entitled to mandamus relief, a relator must demonstrate that the trial court
clearly abused its discretion, and that relators has no adequate remedy by
appeal. In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex.2007). 
Consideration of a motion properly filed and before a trial court is
ministerial.  White v. Reiter, 640 S.W.2d 586, 594 (Tex. Crim. App.
1982).  A district court may be compelled via mandamus to consider and rule on
a pending motion presented to the court.  In re Christensen, 39 S.W.3d
250, 251 (Tex. App.CAmarillo 2000, orig. proceeding).  The trial court has no
discretion to refuse to act, but must consider and rule on the motion within a
reasonable time.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.CHouston [1st Dist.] 1992, orig.
proceeding).  However, a trial court cannot be found to have abused its
discretion until the complainant establishes that the court (1) had a legal
duty to perform a non-discretionary act, (2) was asked to perform the act, and
(3) failed or refused to do so.  O=Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992).

In this
case, the record does not reflect that the motion was filed with the court or
that the court refused to rule on the motion.  In his petition, relator states
that he filed the motion, but does not state when he filed it.  The motion
attached to the petition is not dated and does not bear a file stamp. 
Therefore, relator failed to establish that the trial court was asked to
perform the ministerial act of ruling on the motion or that the court failed or
refused to do so.








Accordingly,
we deny the petition for writ of mandamus.

 

 

 

PER CURIAM

 

 

 

Judgment rendered and Memorandum Opinion filed
December 11, 2008.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).