Petition for Writ of Mandamus Denied and Memorandum Opinion filed
January 15, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed January 15, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00020-CR

____________

 

IN RE KENNETH GREEN, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
January 9, 2009, relator Kenneth Green filed a petition for writ
of mandamus.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Relator asks this
court to compel the Honorable Michael T. McSpadden, judge of the 209th District
Court to rule on a motion allegedly filed in that court.  We deny relator=s petition.

Attached
to relator=s petition is a document titled, ADefendant=s Motion for the
Recusal/Disqualification of the Honorable Michael T. McSpadden, and for
Dismissal of State Appointed Counsel, and Appointment of New Counsel.@  Relator claims he filed the motion
with the trial court and the court has refused to rule.  








To be
entitled to mandamus relief, a relator must demonstrate that the trial court
clearly abused its discretion, and that relator has no adequate remedy by
appeal. In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex.2007). 
Consideration of a motion properly filed and before a trial court is ministerial. 
White v. Reiter, 640 S.W.2d 586, 594 (Tex. Crim. App. 1982).  A district
court may be compelled via mandamus to consider and rule on a pending motion
presented to the court.  In re Christensen, 39 S.W.3d 250, 251 (Tex.
App.CAmarillo 2000, orig. proceeding). 
The trial court has no discretion to refuse to act, but must consider and rule
on the motion within a reasonable time.  Barnes v. State, 832 S.W.2d
424, 426 (Tex. App.CHouston [1st Dist.] 1992, orig. proceeding).  However, a
trial court cannot be found to have abused its discretion until the complainant
establishes that the court (1) had a legal duty to perform a non-discretionary
act, (2) was asked to perform the act, and (3) failed or refused to do so.  O=Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992).

In this
case, the record does not reflect that the motion was filed with the court or
that the court refused to rule on the motion.  The motion attached to the
petition is not dated and does not bear a file stamp.  Therefore, relator
failed to establish that the trial court was asked to perform the ministerial
act of ruling on the motion or that the court failed or refused to do so.

Accordingly,
we deny the petition for writ of mandamus.

 

PER CURIAM

 

Panel consists of Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b).