COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-452-CV

 

 

IN RE ANTHONY TROY LOCKETT                                              RELATOR

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

In this original proceeding, Relator Anthony Troy
Lockett seeks a writ of mandamus to compel the trial court to rule on his
motion for post-conviction DNA testing under chapter 64 of the code of criminal
procedure.  See Tex. Code Crim.
Proc. Ann. arts. 64.01B.03 (Vernon Supp. 2008), art.
64.011 (Vernon 2006).  We conditionally
grant the writ.








On July 29, 1996, a jury convicted Relator of
murder, and he was sentenced to forty years=
confinement.  We affirmed his conviction
on October 16, 1997.  See Lockett v.
State, No. 02‑96‑00458‑CR, slip op. at 10 (Tex. App.CFort
Worth Oct. 16, 1997, pet. ref=d.) (not
designated for publication).

On October 21, 2008,[2]
Relator filed a motion for post-conviction DNA testing and a motion for
appointment of counsel to represent him in the trial court on his motion for
DNA testing.  He filed this mandamus
proceeding on November 26, 2008, complaining that the trial court had not taken
the action required by article 64.01.  See
Tex. Code Crim. Proc. Ann. art. 64.01. 
We requested the State provide a response on or before January 16,
2009.  On January 13, 2009, the trial
court appointed counsel to assist Relator in his request for post-conviction
forensic DNA testing.  In its response,
the State argued that we should deny the petition because the trial court=s
appointment of counsel rendered Relator=s
request for relief moot.  However, as of
the date of this opinion, the trial court has not ruled on Relator=s motion
for DNA testing.








Mandamus relief is proper only to correct a clear
abuse of discretion when there is no adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135B36 (Tex. 2004) (orig.
proceeding).  A trial court clearly
abuses its discretion when it reaches a decision so arbitrary and unreasonable
as to amount to a clear and prejudicial error of law.  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding).

Chapter 64 does not impose a deadline on a trial
court to rule on a motion for DNA testing, but that does not mean the trial
court has unfettered discretion to postpone a ruling indefinitely.  In re Adeleke, No. 02‑08-00160-CV,
2008 WL 4052999, at *1 (Tex. App.CFort
Worth Aug. 29, 2008, orig. proceeding). 
When a motion is properly filed and pending before a trial court, the
act of giving consideration to and ruling upon that motion is ministerial.  White v. Reiter, 640 S.W.2d 586, 594
(Tex. Crim. App. 1982) (orig. proceeding); Barnes v. State, 832 S.W.2d
424, 426 (Tex. App.CHouston [1st Dist.] 1992, orig.
proceeding).  The trial court has no discretion
to refuse to act, but must consider and rule upon the motion within a
reasonable time.  Barnes, 832
S.W.2d at 426.  Thus, mandamus is
available to compel a trial court to make a ruling within a reasonable
time.  In re Christensen, 39
S.W.3d 250, 251 (Tex. App.CAmarillo
2000, orig. proceeding); Barnes, 832 S.W.2d at 426.








Relator filed his motion for DNA testing in
October 2008, more than seven months ago. 
He has been represented by appointed counsel since January of this
year.  Under these circumstances, we
conclude that the trial court has abused its discretion by failing to timely
rule on Relator=s motion for DNA testing.  We therefore conditionally grant the writ of
mandamus directing the trial court to rule on the motion.  We are confident that the trial court will
comply; only if it fails to promptly do so will the writ issue. 

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

 

DELIVERED:  June 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]Relator contends that he
filed the motions for appointment of counsel and for DNA testing on October 31,
2007, but the district clerk=s office shows that they were filed on October
21, 2008.