

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-452-CV

IN RE ANTHONY TROY LOCKETT                                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

In this original proceeding, Relator Anthony Troy Lockett seeks a writ of mandamus to compel the trial court to rule on his motion for post-conviction DNA testing under chapter 64 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. arts. 64.01–.03 (Vernon Supp. 2008), art. 64.011 (Vernon 2006). We conditionally grant the writ.

---

[1] *See* Tex. R. App. P. 47.4.

On July 29, 1996, a jury convicted Relator of murder, and he was sentenced to forty years' confinement. We affirmed his conviction on October 16, 1997. *See Lockett v. State*, No. 02-96-00458-CR, slip op. at 10 (Tex. App.—Fort Worth Oct. 16, 1997, pet. ref'd.) (not designated for publication).

On October 21, 2008,[2] Relator filed a motion for post-conviction DNA testing and a motion for appointment of counsel to represent him in the trial court on his motion for DNA testing. He filed this mandamus proceeding on November 26, 2008, complaining that the trial court had not taken the action required by article 64.01. *See* Tex. Code Crim. Proc. Ann. art. 64.01. We requested the State provide a response on or before January 16, 2009. On January 13, 2009, the trial court appointed counsel to assist Relator in his request for post-conviction forensic DNA testing. In its response, the State argued that we should deny the petition because the trial court's appointment of counsel rendered Relator's request for relief moot. However, as of the date of this opinion, the trial court has not ruled on Relator's motion for DNA testing.

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable

---

[2] Relator contends that he filed the motions for appointment of counsel and for DNA testing on October 31, 2007, but the district clerk's office shows that they were filed on October 21, 2008.

2

as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

Chapter 64 does not impose a deadline on a trial court to rule on a motion for DNA testing, but that does not mean the trial court has unfettered discretion to postpone a ruling indefinitely. *In re Adeleke*, No. 02-08-00160-CV, 2008 WL 4052999, at *1 (Tex. App.—Fort Worth Aug. 29, 2008, orig. proceeding). When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial. *White v. Reiter,* 640 S.W.2d 586, 594 (Tex. Crim. App. 1982) (orig. proceeding); *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). The trial court has no discretion to refuse to act, but must consider and rule upon the motion within a reasonable time. *Barnes,* 832 S.W.2d at 426. Thus, mandamus is available to compel a trial court to make a ruling within a reasonable time. *In re Christensen,* 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding); *Barnes,* 832 S.W.2d at 426.

Relator filed his motion for DNA testing in October 2008, more than seven months ago. He has been represented by appointed counsel since January of this year. Under these circumstances, we conclude that the trial court has abused its discretion by failing to timely rule on Relator's motion for DNA testing. We therefore conditionally grant the writ of mandamus directing

the trial court to rule on the motion.  We are confident that the trial court will comply; only if it fails to promptly do so will the writ issue.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  June 16, 2009

4