RECEIVED IN
T'   irt of Appeals
    th District

FEB 13 2015

Debra Autrey, Clerk

# ORIGINAL

IN THE COURT OF APPEALS

FOR THE SIXTH SUPREME JUDICIAL DISTRICT OF TEXAS

TEXARKANA, TEXAS

FILED IN
The Court of Appeals
Sixth District

FEB 1 3 2015

Texarkana, Texas
Debra K. Autrey, Clerk

NO. _06 - 15 - 00034 - CR_

IN RE: RANDY HENDERSON

Original Mandamus Proceeding

Trial Court Cause No. 03-F-0146-202

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Relator, Randy Henderson, pro se, hereby files this Petition for Writ of Mandamus pursuant to Article V, § 5, of the Texas Constitution, and would respectfully show as follows:

I.

## JURISDICTION

"This court is empowered by Article V, § 5, of the Texas Constitution to issue Writs of Mandamus in all criminal law matters." See ex rel. Healey v. McMeans, 884 S.W.2d 772 (Tex.Cr.App. 1994).

1

## II.

## RELATOR

Randy Henderson, TDCJ-CID NO. 1170754, is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at: George Beto Unit, 1391 FM 3328, Tennessee Colony, Texas 75880-5000.

The act sought to be compelled is ministerial, not discretionary in nature.

## III.

## RESPONDENT

Respondent Leon F. Pesek, Jr., Judge, for Bowie County's 202nd District Court, in his capacity as District Judge, has a ministerial duty to provide Relator with the opportunity to be heard.

## IV.

## ADEQUATE LEGAL REMEDY

Relator has no other adequate legal remedy.

## V.

## STATEMENT OF THE CASE

Relator, on or about October 16, 2014, filed his Motion for Judgment Nunc Pro Tunc Order in relation to a clerical error regarding Relator's sentence the Court added without a judicial proceeding. See Appendix A - Motion for Judgment Nunc Pro Tunc Order.

2

## VI.

### DUE PROCESS VIOLATION

Due process of law affords Relator the opportunity to be heard. See In re Christensen, 39 S.W.3d 250 (Tex.App. —Amarillo 2000); U.S.C.A. CONST. AMEND. 14. Relator asserts that the District Court violated the Due Process clause of the U.S. Constitution, 5th and 14th Amendment by not allowing Relator the opportunity to be heard.

## VII.

### UNREASONABLE DELAY

Relator filed his Motion for Judgment Nunc Pro Tunc Order on or about October 16, 2014. More than sixty (60) days have expired which contributes to an "unreasonable delay" in regards to an illegal sentence. See Baranowski v. State, 176 S.W.3d 671, 675 (Tex.App. —Texarkana 2005). See Appendix B - Relator's Unsworn Declaration [Affidavit].

WHEREFORE, PREMISES CONSIDERED, Relator, pro se, respectfully request this Honorable Court to Issue Mandamus to compel the Respondent to afford him the opportunity to be heard.

Respectfully submitted,

Randy Henderson TDCJ 1170754
Randy Henderson, Pro se

### CERTIFICATE OF SERVICE

I, Randy Henderson, do hereby certify that a true and correct copy of Relator's Petition for Writ of Mandamus has been served by United States

3

Mail addressed to:

Leon F. Pesek, Jr., Judge

Bi-State Justice Bldg.

100 N. State Line Ave.

Box 10

Texarkana, Texas 75501

Rowdy Henderson TDCJ# 1170754

4

APPENDIX B
RELATOR'S UNSWORN DECLARATION [AFFIDAVIT]

IN THE COURT OF APPEALS

FOR THE SIXTH SUPREME JUDICIAL DISTRICT OF TEXAS

TEXARKANA, TEXAS

NO.

IN RE: RANDY HENDERSON

Original Mandamus Proceeding

Trial Court Cause No. 03-F-0146-202

Unsworn Declaration [Affidavit] of Randy Henderson

Pursuant to Civil Practice and Remedies Code

Sections 132.001-132.003

My name is Randy Henderson. I am over eighteen years of age, of sound mind, capable of making this [affidavit] unsworn declaration, and personally acquainted with the facts herein stated.

1.  I filed a Motion for Judgment Nunc Pro Tunc Order on or about October 16, 2014, with the 202nd Judicial District Court of Bowie County, Texas, regarding a clerical error that extended my sentence, adding another

1

fifteen (15) year sentence without a judicial proceeding.

2. More than sixty-days (60) days have passed, contributing to an unreasonable delay.

3. Due process of law affords me the opportunity to be heard.

My name is Randy Henderson, my date of birth is August 27, 1964, and my inmate identifying number, is, 1170754. I am presently incarcerated in the George Beto Unit in Tennessee Colony, Anderson County, Texas 75880. I declare under the penalty of perjury that the foregoing is true and correct.

Executed on the 28 day of January , 2015.

Randy Henderson TDCJ 1170754
AFFIANT

2

APPENDIX A

MOTION FOR JUDGMENT NUNC PRO TUNC ORDER

| | | |
|---|---|---|
| RANDY HENDERSON, | § | IN THE 202ND JUDICIAL |
| Appellant, | § | |
| | § | DISTRICT COURT OF |
| V. | § | |
| | § | BOWIE COUNTY, TEXAS |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | HEARING REQUESTING |

## MOTION FOR JUDGMENT NUNC PRO TUNC ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Randy Henderson, Appellant, Pro se, Pursuant to Texas Rules of Appellate Procedure, specifically Rule 23.2(a) and (b), files this Motion for Judgment Nunc Pro Tunc Order in the above entitled and numbered cause, and in support would respectfully show:

### I.
### JURISDICTION

The Court has jurisdiction pursuant to Texas Rules of Appellate Procedure, rule 19.3(a), which invests the trial court with authority to correct clerical errors after expiration of a court's plenary power. "Nunc Pro Tunc order is the proper mode to correct a clerical error, in which no judicial reasoning contributed to their entry, and for some reason were not entered of record at the proper time. See Alvarez v. State, 605 S.W.2d 615 (Tex.Crim. App. 1980); Jenkins v. Jenkins, 16 S.W.3d 473.

### II.
### STATEMENT OF THE CASE

Appellant appearing before the Honorable Bill Peek, presiding in the 202nd Judicial District Court of Bowie County, Texas on May 1, 2003, having entered a plea of not guilty; sentenced to twenty (20) years in Count Six to run consecutive with Count Five (5), a fifteen (15) year sentence. Count One (1), Three (3) and Four (4) to run concurrent with Count Five (5) and Six (6).

## III.
### CLERICAL ERROR

The Texas Department of Criminal Justice (TDCJ) records reflect that Appellant's time calculation is erroneous, which manifest a clerical error. According to the Inmate Tracking System Commitment Data Form dated January 15, 2014, Appellant's Maximum Expiration date changed from 2023 to 2038 which adds a new fifteen (15) year sentence. This form states, in pertinent: "Due to legal opinion from OGC Counts 5 & 6 will only be stacked to CT 3 & 4." The Judgment of Conviction reflects that 3 & 4 as well as 1 is concurrent to 5 & 6. By stacking this to 5 & 6 adds a new sentence without a judicial proceeding. The State Counsel for Offenders returned count seven (7); not guilty.

Appellant, therefore, seek an order from the Court ordering TDCJ to adjust the inaccuracies and deficiencies in Appellant's records in regards to his sentence.

WHEREFORE PREMISES CONSIDERED, Appellant for reason shown moves the Honorable Court to issue the necessary Court Order ordering that the Texas Department of Criminal Justice records reflect the truth of what actually occurred.

Respectfully submitted,

Randy Henderson, Pro se