

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-19-00279-CV

———————————————

IN RE STEVEN BOYD, RELATOR

Original Proceeding
Arising From Proceedings Before the 223rd District Court
Gray County, Texas
Trial Court No. 39,194; Honorable Phil N. Vanderpool, Presiding

August 8, 2019

## ORIGINAL PROCEEDING

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator, Steven Boyd, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Phil N. Vanderpool to rule on a pending divorce action. Relator has complied with all the requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. By two issues, he contends (1) the trial court arbitrarily refused to rule on his petition for divorce and (2) he is entitled to relief as a matter of law. For the reasons explained herein, we deny Relator's request.

### BACKGROUND

Relator filed a *pro se* petition for divorce on March 7, 2018. A month later, he filed a *Motion for Issuance of Bench Warrant* for the purpose of attending a hearing in his divorce action. On September 7, 2018, he filed a motion for summary judgment seeking a final decree of divorce. By letter to the Gray County District Clerk file-stamped October 25, 2018, he inquired on the status of his divorce petition and asked "when it will be addressed on the merits." Finally, on April 17, 2019, Relator filed a *Motion for Trial Setting* requesting that his divorce petition be heard or that the trial court render a judgment "on or before May 11, 2019."

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, in order to establish a ministerial act, a relator must also show (1) a legal

2

duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

### ANALYSIS

Relying on *In re Christensen*, 39 S.W.3d 250 (Tex. App.—Amarillo 2000, orig. proceeding), Relator maintains he is entitled to a ruling in his divorce action that has been pending for more than twelve months. *In re Christensen* involved a motion by an incarcerated individual to review his trial and appellate record under the Texas Public Information Act. *Id.* Christensen filed a proposed order on his motion, a setting request for June 12, 2000, and a proposed order on that motion. *Id.* at 251. Christensen subsequently filed a motion to compel. This court found that Christensen was entitled to mandamus relief in the form of having his motion heard and ruled on by the trial court. *Id.* (citing *Creel v. District Atty. For Medina County*, 818 S.W.2d 45, 46 (Tex. 1991)).

*In re Christensen* is distinguishable. In that proceeding, the respondent judge filed a response to the petition for writ of mandamus. This court noted that the respondent did not (1) contest relator's recitation of facts, (2) question presentment of relator's motion, (3) assert that he had set or ruled on the motion, or (4) question whether the motion was properly filed and properly pending. *In re Christensen*, 39 S.W.3d at 251. This court found that relator was entitled to have his motion heard and ruled on but that the ruling was within the trial court's discretion. *Id.*

In this proceeding, Relator has filed a letter to the district clerk and a motion for a trial setting which was filed by the district clerk. The limited mandamus record does not reflect that Judge Vanderpool filed a response to Relator's petition. Nor is there anything

3

in the record to indicate the trial court is aware of the pending divorce proceeding and subsequent motions filed thereafter. A trial court cannot be expected to consider a request for a ruling not called to its attention. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Filing an inquiry with the district clerk does not prove the petition for divorce or any pending motions were brought to the trial court's attention. A clerk's knowledge of a filing is not imputed to the trial court. *Id.* Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement. *In re Goodson*, No. 07-18-00114-CV, 2018 Tex. App. LEXIS 3175, at *3 (Tex. App.—Amarillo May 4, 2018, orig. proceeding) (mem. op., not designated for publication). Relator has failed to establish that his petition for divorce and motion for a trial setting was brought to the attention of the trial court. Issues one and two are overruled.

### CONCLUSION

Consequently, Relator's petition for writ of mandamus is denied.

Per Curiam