

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00031-CV
_____

IN RE STEPHEN PATRICK BLACK, RELATOR

Original Proceeding
Arising From Proceedings Before the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20106-CV; Honorable Felix Klein, Presiding

January 25, 2022

OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relator, Stephen Patrick Black, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus against the Honorable Felix Klein to compel him to render a final judgment in a pending suit and provide him with notice of the judgment. He presents two issues asserting abuse of discretion by the trial court in not timely entering a final judgment for him to pursue post-judgment and appellate remedies. For the reasons expressed herein, we deny Relator's petition.

BACKGROUND

Relator is civilly committed in the Texas Civil Commitment Center which houses and supervises violently sexual predators. He is familiar with the legal system. He has pursued numerous appeals and original proceedings.[1] In 2019, he filed a libel suit against Charles P. Woodrick, a treating psychologist at the Center. The trial court dismissed the suit and Black successfully appealed the dismissal to this court. *See Black v. Woodrick*, No. 07-20-00083-CV, 2021 Tex. App. LEXIS 2197, at *6 (Tex. App.—Amarillo March 23, 2021, no pet.) (mem. op.). According to Relator's petition, on remand of the case, Woodrick filed a motion for summary judgment and Relator filed a motion in opposition. The trial court held a virtual hearing on the motions on October 25, 2021. At the conclusion of the hearing, the trial court announced it was taking the matter under advisement and would rule at a future date. No additional briefing was requested.

On January 21, 2022, Relator filed his petition for writ of mandamus, wherein he included copies of file-stamped letters he mailed to the trial court clerk inquiring on the status of a judgment in his case on November 8 and November 22, 2021. He also included a file-stamped copy of a *Motion to Set Hearing by Submission on Disposition of*

---

[1] A non-exhaustive list of those filings includes the following cases: *Black v. McLane*, No. 07-19-00241-CV, 2021 Tex. App. LEXIS 2195 (Tex. App.—Amarillo May 21, 2021, no pet.) (mem. op.); *Black v. Woodrick*, No. 07-20-00083-CV, 2021 Tex. App. LEXIS 2197 (Tex. App.—Amarillo March 23, 2021, no pet.) (mem. op.); *In re Black*, No. 07-20-00363-CV, 2021 Tex. App. LEXIS 1163 (Tex. App.—Amarillo Feb. 12, 2021, orig. proceeding); *In re Commitment of Black*, 594 S.W.3d 590 (Tex. App.—San Antonio 2019, no pet.); *In re Black*, No. 04-19-00107-CV, 2019 Tex. App. LEXIS 3900 (Tex. App.—San Antonio May 15, 2019, orig. proceeding); *In re Black*, No. 04-19-00094-CV, 2019 Tex. App. LEXIS 1962 (Tex. App.—San Antonio March 13, 2019, orig. proceeding); *In re Commitment of Black*, No. 04-19-00001-CV, 2019 Tex. App. LEXIS 1019 (Tex. App.—San Antonio Feb. 13, 2019, no pet.) (mem. op.); *In re Black*, No. 04-18-00700-CV, 2018 Tex. App. LEXIS 9973 (Tex. App.—San Antonio Dec. 5, 2018, orig. proceeding); *In re Commitment of Black*, 522 S.W.3d 2 (Tex. App.—San Antonio 2017, pet. denied).

*Case* that he filed on December 27, 2021. He asserts he has made numerous phone calls which have not provided him with a resolution.

By his first issue, Relator contends the trial court abused its discretion in not ruling in a timely manner. By his second issue, he maintains the trial court abused its discretion in denying him due process by failing to notify him of a final judgment so that he may pursue post-judgment and appellate remedies. At this time, we disagree with his contentions.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co.*, *L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

3

Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

### ANALYSIS

A writ of mandamus will lie to compel a trial court to proceed to judgment within a reasonable time. *Texas State Bd. of Examiners in Optometry v. Carp*, 388 S.W.2d 409, 417 (Tex. 1965). Failure to enter a judgment deprives a party of an adequate remedy at law including the right to accept or appeal a judgment entered. *See Hunt Energy Corp. v. Pirtle*, No. 07-96-0257-CV, 1996 Tex. App. LEXIS 5127, at *7 (Tex. App.—Amarillo Nov. 20, 1996, orig. proceeding).

An appellate court has the authority to order a trial judge to perform his duty to rule on a matter within a reasonable time. *Id.* at *6 (citing *O'Donniley v. Golden*, 860 S.W.2d 267, 270 (Tex. App.—Tyler 1993, orig. proceeding)). However, mandamus is not available to compel a trial judge to rule in a particular manner. *In re Christensen*, No. 07-00-0510-CR, 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2008, orig. proceeding).

Whether a reasonable period of time has lapsed in which to rule on a pending matter is dependent on the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding). Other factors considered in determining whether a reasonable time has passed is the state of the trial court's docket and other judicial and administrative duties that must be addressed. *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding).

4

Here, Relator is requesting rendition and notice of a final judgment from a hearing held on October 25, 2021, on the *Motion for Summary Judgment* of the defendant in the underlying cause of action. "Rendition occurs when the judge's decision is officially announced, either orally in open court or by signed memorandum filed with the clerk." *Malone v. PLH Grp. Inc.*, 570 S.W.3d 292, 296 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (citation omitted). Relator asserts the trial court announced it would rule at a future date.

Relator maintains that the trial judge abused his discretion by failing to render a judgment "within three months after the case is taken under advisement" as *required* by Rule 7(a)(2) of the Texas Rules of Judicial Administration. The Texas Rules of Judicial Administration are aspirational rules promulgated by the Texas Supreme Court for the purpose of setting policies and guidelines necessary or desirable for the operation and management of the Texas court system as a whole and for the effective and efficient administration of justice. *See* TEX. GOV'T CODE ANN. § 74.024(a) (West 2013). Those rules are promulgated pursuant to section 74.024 of the Texas Government Code, which provides, in relevant part, as follows:

> (c) The supreme court may consider the adoption of rules relating to:
>> (1) *nonbinding* time standards for pleading, discovery, motions and dispositions[.]

From this legislative authorization, it is clear that the time constraints mandated by the Rules of Judicial Administration are merely nonbinding aspirational goals. *See Approximately $198,006.00 United States Currency v. State*, No. 07-19-00275-CV, 2020 Tex. App. LEXIS 5622, at *5-6 (Tex. App.—Amarillo July 21, 2020, no pet.) (mem. op.)

(finding that the Texas Rules of Judicial Administration "[do] not fix a bright line" demarking the deadline within which a court must rule). As such, a trial judge does not abuse his discretion *per se* by failing to rule on a motion for summary judgment within three months after taking the case under advisement.

Here, less than three months have passed between the time the trial court held a hearing on the summary judgment motion filed by Woodrick and the time Relator filed his petition for writ of mandamus. A delay of three months in entering a final judgment is not an unreasonable period of time, *per se*. *See In re Gonzales*, No. 07-06-0324-CV, 2006 Tex. App. LEXIS 8057, at *3 (Tex. App.—Amarillo Sept. 6, 2006, orig. proceeding). Thus, under the circumstances of the underlying case, Relator has not demonstrated entitlement to mandamus relief. Issues one and two are overruled.

#### CONCLUSION

Relator's petition for writ of mandamus is denied.

Per Curiam