

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00366-CV

---

IN RE STEPHEN PATRICK BLACK, RELATOR

---

ORIGINAL PROCEEDING

---

December 20, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Relator, Stephen Patrick Black, proceeding pro se and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable James M. DeLoach to set a hearing on his pending motion for summary judgment.  For the reasons expressed herein, we deny the requested relief.

### BACKGROUND

Relator is civilly committed in the Texas Civil Commitment Center.  He is familiar with the legal system.  He has pursued numerous appeals and original proceedings.[1]

---

[1] A non-exhaustive list of those filings includes the following cases:  *In re Black*, No. 07-22-00132-CV, 2022 Tex. App. LEXIS 3599 (Tex. App.—Amarillo May 26, 2022, orig. proceeding); *In re Black*, 640

By his petition, he appealed a dismissed negligence suit from small claims court to the county court. After the defendant filed his answer, Relator filed a motion for summary judgment followed by several motions requesting that a hearing be set on the motion. He alleges that his motion for summary judgment was filed on June 20, 2022, and a first motion requesting a hearing on October 21, 2022, followed by a second motion requesting a hearing on November 22, 2022.

Relator declares that he has made numerous attempts via letters and phone calls to the Lamb County Clerk for copies of his properly filed motions with proper file stamps and for status updates, to no avail.[2] He concludes that "the court continues to ignore the motion for summary judgment and refuses to timely set [a] hearing or provide a ruling on the summary judgment."

## MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig.

---

S.W.3d 894 (Tex. App.—Amarillo 2022, orig. proceeding); *Black v. McLane*, No. 07-19-00241-CV, 2021 Tex. App. LEXIS 2195 (Tex. App.—Amarillo May 21, 2021, no pet.) (mem. op.); *Black v. Woodrick*, No. 07-20-00083-CV, 2021 Tex. App. LEXIS 2197 (Tex. App.—Amarillo March 23, 2021, no pet.) (mem. op.); *In re Black*, No. 07-20-00363-CV, 2021 Tex. App. LEXIS 1163 (Tex. App.—Amarillo Feb. 12, 2021, orig. proceeding); *In re Commitment of Black*, 594 S.W.3d 590 (Tex. App.—San Antonio 2019, no pet.); *In re Black*, No. 04-19-00107-CV, 2019 Tex. App. LEXIS 3900 (Tex. App.—San Antonio May 15, 2019, orig. proceeding); *In re Black*, No. 04-19-00094-CV, 2019 Tex. App. LEXIS 1962 (Tex. App.—San Antonio March 13, 2019, orig. proceeding); *In re Commitment of Black*, No. 04-19-00001-CV, 2019 Tex. App. LEXIS 1019 (Tex. App.—San Antonio Feb. 13, 2019, no pet.) (mem. op.); *In re Black*, No. 04-18-00700-CV, 2018 Tex. App. LEXIS 9973 (Tex. App.—San Antonio Dec. 5, 2018, orig. proceeding); *In re Commitment of Black*, 522 S.W.3d 2 (Tex. App.—San Antonio 2017, pet. denied).

[2] By his petition, Relator expresses frustration with the Lamb County Clerk; however, this Court has no jurisdiction to issue a writ of mandamus against a clerk of a court unless a writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(b); s*ee also In re James*, No. 07-19-00442-CV, 2020 Tex. App. LEXIS 1175, at *4–5 (Tex. App.—Amarillo Feb. 11, 2020, orig. proceeding).

proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## RULING WITHIN A REASONABLE TIME

It is well settled that when a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). A trial court abuses its discretion when it does not perform its ministerial duty. *Id.*

A writ of mandamus will lie to compel a trial court to proceed to judgment within a reasonable time. *O'Donniley v. Golden*, 860 S.W.2d 267, 270 (Tex. App.—Tyler 1993, orig. proceeding). Mandamus, however, is not available to compel a trial court to rule in

3

a particular manner.  *In re Christensen*, 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2008, orig. proceeding).

A trial court has inherent power to control its own docket.  *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).  Whether a reasonable time has lapsed in which to rule on a pending matter is dependent on the circumstances of each case.  *Id.* at 134–35.  A reasonable time is determined based on myriad factors such as the trial court's knowledge of the matter, its overt refusal to act, the state of its docket, and the existence of other judicial and administrative matters that must be prioritized.  *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

## ANALYSIS

Here, Relator is requesting that we compel the trial court to set a hearing on his motion for summary judgment and rule in a timely manner.  While this Court is not unsympathetic to the obstacles faced by incarcerated individuals representing themselves, the limited record before us does not establish that the trial court has abused its discretion.

Included with Relator's exhibits to his petition is a letter to the Lamb County Clerk dated August 15, 2022, which recites, "It's my understanding, from our last correspondence that the Judge is trying to set a court date."  The letter contradicts Relator's allegation that the trial court has ignored his motion and refused to set a timely hearing.  None of the exhibits to Relator's petition establish the trial court's overt refusal

4

to act.  Additionally, Relator has not provided any information regarding the other factors that must be considered in determining whether mandamus should issue.  At this juncture, the record does not show an unreasonable delay in ruling on Relator's motion for summary judgment.  *See In re Halley*, No. 03-15-00310-CV, 2015 Tex. App. LEXIS 7188, at *2 (Tex. App.—Austin July 14, 2015, orig. proceeding) (declining to hold four-to-six-month delay as unreasonable).

## CONCLUSION

Relator's petition for writ of mandamus is denied.

Alex L. Yarbrough
Justice