**John Eric JACKSON, Appellant,**

**v.**

**Gary L. JOHNSON, Director, TDCJ–ID and Victor Rodriguez, Chairman, Board of Pardons and Paroles, Appellees.**

No. 06–01–00146–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 24, 2002.

Decided Feb. 15, 2002.

Rehearing Overruled March 12, 2002.

John Eric Jackson, pro se.

Gerard R. Rawls, Assistant Attorney General, Law Enforcement Defense Division, Austin, for appellees.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

John Eric Jackson appeals the dismissal of his suit against Gary Johnson, in his capacity as director of the Texas Department of Criminal Justice–Institutional Division (TDCJ), and Victor Rodriguez, in his capacity as chairman of the Texas Board of Pardons and Paroles. In his petition, Jackson contends he was deprived of credit on his sentence for his pretrial confinement, and he sought credit to his sentence for that time. The trial court dismissed his suit under TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a), (b) (Vernon Supp.2002), finding that his claim had only a very slight chance of ultimate success, that it had no arguable basis in law or fact,

and that Jackson could not prove facts to support it.

■ The normal procedural mechanism for resolving disputes over time credits when the time for direct appeal has passed has historically been by a post-conviction petition for writ of habeas corpus, *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.2002), and more recently, by resorting first to the procedure outlined in TEX. GOV'T CODE ANN. § 501.0081 (Vernon Supp. 2002) before pursuing the writ. *See Ex parte Millard*, 48 S.W.3d 190, 191–92 (Tex. Crim.App.2001); *see also Ex parte Ruthart*, 980 S.W.2d 469, 470 (Tex.Crim.App. 1998). Petitions for post-conviction writs of habeas corpus must be filed in the trial court in which the conviction was obtained, made returnable to the Texas Court of Criminal Appeals. TEX.CODE CRIM. PROC. ANN. art. 11.07. Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Id.; Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim.App.1993); *In re Coronado*, 980 S.W.2d 691, 692 (Tex.App.—San Antonio 1998, orig. proceeding); *Maye v. State*, 966 S.W.2d 140, 143 (Tex.App.—Houston [14th Dist.] 1998, no pet.).

■ In fact, we are aware of no case in which such a claim was successfully maintained as part of an ordinary civil action. Consequently, we conclude the trial court was correct in dismissing Jackson's suit as having no basis in law, as Jackson's claim was not cognizable in an ordinary civil action. In so concluding, we do not address the underlying merits of Jackson's claim if properly filed as an application for writ of habeas corpus.

The judgment is affirmed.