NO. 07-03-0119-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 2, 2003

_____

IN RE BENJAMIN A. HASSLER, JR.,
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Relator Benjamin A. Hassler, Jr. seeks a writ of mandamus directing respondents the Honorable John T. Forbis, senior judge, and Stuart Messer, district attorney of Carson County, to consider and rule on an application for temporary restraining order relator filed with the district clerk of Carson County on February 11, 2003. We must deny relator's petition.

From the documents relator has appended to his petition filed with this court and other documents relator has submitted with his petition, it appears that relator filed a petition for bill of review assigned cause number 9251 in the district court for the 100th judicial district, Carson County, on December 10, 2002. In that petition, relator states that he was convicted of murder on August 24, 1970, in cause number 1645 in the 100th district

court, Carson County, and that the judgment on that conviction contained an error by which relator was deprived of credit for the 262 days he was confined in jail before his conviction and sentencing. Relator states that he received the maximum sentence of 99 years confinement, and argues that the erroneous failure to give him credit for the 262 days jail time resulted in an illegal sentence of over 100 years. Further, relator states that with the proper credit for the 262 days jail time, and with other credits relator has accumulated during his prison confinement, he should have been discharged from the Institutional Division of the Texas Department of Criminal Justice no later than February 28, 2003. Relator's application for a temporary restraining order raises the same issues.

In his petition for writ of mandamus, relator states that the respondents have refused to consider his application for a temporary restraining order, and asserts that he has now served a longer sentence of confinement than is required by law.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985), quoted in *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). One seeking issuance of a writ of mandamus must provide a sufficient record to establish his right to such relief. *Walker*, 827 S.W.2d at 837. The writ sought by relator here, directing the consideration of pleadings he has filed with a trial court, would issue only on a clear showing that the respondents have a legal duty to perform a nondiscretionary or ministerial act; that they have been requested to perform the act; and that they have refused to do so. *Barnes v. State*, 832 S.W.2d 424, 426

2

(Tex.App.--Houston [1st Dist.] 1992) (orig. proceeding) (citing *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)). The record before us does not show that any of those three prerequisites are satisfied. This court has held that the acts of giving consideration to and ruling on motions properly filed and pending before a trial court are ministerial acts the performance of which, in a proper case, may be enforced by mandamus. *See In re Christensen*, 39 S.W.3d 250 (Tex.App.--Amarillo 2000) (orig. proceeding). But the record before us does not reflect that the persons relator has named as respondents at this time have any legal duties with respect either to the bill of review proceeding or the temporary restraining order application. We take notice that Judge Forbis is a retired district judge and that Mr. Messer is the 100th district attorney. Even if we assume, which we do not, that either of the named respondents has a present legal duty with respect to relator's filings, the record provided us does not show either that the matters have been brought to their attention or that they have refused to take action on them.

Relator's request for mandamus relief must be denied for another reason as well. What the record before us does show is relator's use of the civil action of a bill of review in his effort to correct what he contends is a time-served error in his now long-final murder conviction. A bill of review is not the proper vehicle for that effort. *Cf. Jackson v. Johnson*, 69 S.W.3d 372 (Tex.App.--Texarkana 2002, pet. denied). The Court of Criminal Appeals has held that the duration of an inmate's confinement and applicable time credits are proper subjects for an application for a writ of habeas corpus under Texas Code of

Criminal Procedure article 11.07 (Vernon 2002).[1] *Ex parte Ruthart*, 980 S.W.2d 469, 470 (Tex.Crim.App. 1998). Indeed, article 11.07 provides that, after conviction, its procedures are exclusive and that "any other proceeding shall be void and of no force and effect in discharging the prisoner." *See also, In re Stone*, 26 S.W.3d 568, 569 (Tex.App.--Waco 2000) (orig. proceeding) (court of appeals lacked jurisdiction to act on application for writ of mandamus directed to trial court; under article 11.07, only Court of Criminal Appeals has jurisdiction to grant such post conviction relief). Texas Government Code Section 501.0081 requires that an inmate first make use of the dispute resolution system created under that section with respect to claims of time-served credit errors made after January 1, 2000, but that section makes clear that article 11.07 provides the proper ultimate remedy for such claims.

The Texas Supreme Court has stated that mandamus is not issued as a matter of right, but at the discretion of the court, and that although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assoc. v. Rivera*, 858 S.W.2d 366 (Tex. 1993). A court of equity will not require the doing of a useless thing; nor will it lend its powers to accomplish a useless purpose. *Davis v.*

---

[1]This is not relator's first proceeding in this court. In 2001, relator filed an original proceeding seeking a writ of mandamus to compel the presiding judge of the 100th district court to rule on his *nunc pro tunc* motion to have his judgment of conviction reflect credit for the 262 days as time served. In this court's opinion, not designated for publication, denying relator's requested relief, we suggested the possibility of an application for a writ of habeas corpus under article 11.07. Although relator makes reference in his petition for a bill of review to a 1994 writ of habeas corpus, we cannot tell from the documents relator now presents to us whether, since 2001, he has presented his claims in a proceeding under article 11.07, or in one brought under section 501.0081 of the Government Code. *In re Hassler*, No. 01-0273-CV (Tex.App.–Amarillo July 24, 2001, pet. denied).

4

*Carothers*, 335 S.W.2d 631 (Tex.Civ.App.--Waco 1960, writ dism'd). We would be doing relator no favor to exercise our discretion to encourage him in the vain pursuit of a proceeding that is void and of no force or effect. We decline to do so.

For these reasons, relator's petition for a writ of mandamus is denied.


                                        James T. Campbell
                                        Justice