NO. 07-03-0331-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 12, 2003

_____

IN RE BENJAMIN A. HASSLER, JR., RELATOR
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Relator Benjamin A. Hassler, Jr. again seeks a writ of mandamus directing respondent the Honorable John T. Forbis, senior judge, to consider and rule on motions relator has filed with the district clerk of Carson County in a bill of review proceeding pending before Judge Forbis. We must deny relator's petition.

Relator filed a petition for writ of mandamus in this court on March 10, 2003, seeking a writ of mandamus directing Judge Forbis to rule on his application for temporary restraining order in a bill of review proceeding seeking to correct an asserted error in a 1970 judgment of conviction for murder. *See In re Hassler*, No. 07-03-0119-CV (Tex.App.–Amarillo 2003, orig. proceeding). The basis of relator's bill of review

proceeding is that relator alleges the original judgment failed to give him credit for pretrial confinement. We denied relator's petition because, among other reasons, a bill of review is not the proper vehicle for asserting the denial of credit for pretrial incarceration. *Id.* at 3 (citing *Jackson v. Johnson*, 69 S.W.3d 372 (Tex.App.–Texarkana 2002, pet. denied)). We also noted article 11.07 of the Code of Criminal Procedure sets out the exclusive procedure for post conviction challenges and declares any other proceeding void. *Hassler*, slip op. at 4.

Relator's petition again seeks to have us compel Judge Forbis to act on motions filed in the same bill of review proceeding. However, relator has failed to present any authority showing the law has changed in the months since our previous opinion. The reasons stated in our prior opinion require denial of relator's petition.

Relator also again cites this court's opinion in *In re Christensen*, 39 S.W.3d 250 (Tex.App.--Amarillo 2000) (orig. proceeding), for the proposition that the acts of giving consideration to and ruling on motions properly filed and pending before a trial court are ministerial acts the performance of which, in a proper case, may be enforced by mandamus. As was the case with his previous petition, though, relator has failed to provide us with a record demonstrating either that the matters on which he seeks a ruling have been brought to Judge Forbis's attention or that he has refused to take action on them. Moreover, relator's current petition fails even to comply with the requirements of the appellate rules that he provide an appendix containing certified or sworn copies of the documents showing the matters of which he complains. Tex. R. App. Proc. 52.3(j).

For all these reasons, we deny relator's petition for writ of mandamus.

Per Curiam