**Ex parte Steven DUNLAP, Applicant.**

No. AP–75028.

Court of Criminal Appeals of Texas.

June 29, 2005.

David B. Frank, Austin, for Appellant.

Holly E. Taylor, Asst. District Attorney, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

HERVEY, J., delivered the opinion for a unanimous Court.

■ TEX. GOV'T CODE § 501.0081 requires an "inmate who alleges that time credited on the inmate's sentence is in error" to first present this claim to the Texas Department of Criminal Justice (TDCJ) office of time credit resolution. *See Ex parte Stokes,* 15 S.W.3d 532, 532–33 (Tex.Cr.App.2000). Applicant was incarcerated in a county jail awaiting transfer to the TDCJ to serve a 3–year sentence for an indecency with a child conviction when he filed a habeas corpus application in the convicting court seeking more than 3 years of time-credit on this sentence. We filed and set this case and also ordered the parties to brief the issue of whether an applicant, "who is in county jail awaiting transfer to the [TDCJ] when he files an application, is an 'inmate' for purposes of [§ 501.0081] and, thus, subject to its administrative exhaustion requirement." The TDCJ also accepted this Court's invitation to submit a brief on this issue.

The TDCJ claims that applicant is not an "inmate" for purposes of § 501.0081 because he was not in TDCJ custody when he filed his writ.[1] The TDCJ claims that the term "inmate" in § 501.0081 is ambiguous and that its legislative history is not instructive on the issue. The TDCJ also asserts that it implemented § 501.0081 through its Administrative Directive AD–04.83 with the assumption that the proce-

dures set out in AD–04.83 would apply only to inmates in TDCJ's custody. Applicant claims in a reply letter brief that this Court should defer to this administrative determination by the TDCJ. *See* TEX. GOV'T CODE § 311.023(6) (in construing ambiguous or nonambiguous statute, a court may consider the administrative construction of the statute); *Tarrant Appraisal District v. Moore,* 845 S.W.2d 820, 823 (Tex.1993) (construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute).[2]

In *Russell,* we decided that an applicant, who was on mandatory-supervision release when he filed a writ containing a time-credit claim, was not an "inmate" for purposes of § 501.0081. *See Russell,* 60 S.W.3d at 876–77. *Russell* applied familiar rules of statutory construction and gave effect to the plain meaning of the term "inmate" by referring to other legislative provisions using this term and to its general legal definition as a "person confined to a prison, penitentiary, or the like." *See id.*

■ This approach supports a decision that the term "inmate" in § 501.0081 is not ambiguous and that it plainly applies to applicant. TEX. GOV'T CODE § 508.081(2)(C)(I) defines "inmate," for purposes of representation of inmates, as a person confined in a county jail awaiting transfer to the TDCJ. *See Russell,* 60 S.W.3d at 877 n. 2. TEX. PEN.CODE

---

1. *See Ex parte Russell,* 60 S.W.3d 875, 877 n. 4 (Tex.Cr.App.2001) (applicant's status at the time of filing the writ controls).

2. However, our review of AD–04.83 indicates that it is ambiguous on whether it applies to someone like applicant. For example, AD–04.83 does not clearly express a policy that someone like applicant is not considered an "inmate" for purposes of § 501.0081. And, its

express definition of "offender" literally includes such a person. "Offender" is defined in AD–04.83 as:

"Offender" is a person who was convicted of an offense and sentenced to the TDCJ whether incarcerated pursuant to a warrant of arrest, parole violator warrant, or proclamation of revocation and warrant of arrest.

§ 38.06(c)(2) makes it a third-degree felony for a person to escape from a "secure correctional facility" whose definition includes a county jail and a TDCJ confinement facility. *See* Tex. Pen.Code § 1.07(a)(45)(A),(B). Webster's II New College Dictionary defines the term "inmate" as one "confined to an institution, as a prison or hospital." *See Webster's II New College Dictionary* 570 (1995); *see also Russell,* 60 S.W.3d at 877 ("inmate" is a "person confined to a prison, penitentiary, or the like"). This dictionary includes the terms "jail" and "penitentiary" in its definition of the term "prison." *See Webster's II New College Dictionary* 880 (1995) (also defining "prison" as a "place for confining people awaiting trial or for punishment after trial and conviction" and as "an institution for confining people convicted of major crimes"). The Roget's Desk Thesaurus also includes the term "jail" in its list of synonyms for "penitentiary" and "prison." *See Roget's Desk Thesaurus* 395, 419 (2001). We conclude that applicant is an "inmate" for purposes of § 501.0081.

The writ is, therefore, dismissed. *See Stokes,* 15 S.W.3d at 533.