NO.
12-06-00285-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

HENRY F. HUDSON,          §                      APPEAL FROM THE SEVENTH

APPELLANT

 

V.        

§                      JUDICIAL
DISTRICT COURT

TEXAS DEPARTMENT OF

CRIMINAL JUSTICE–

INSTITUTIONAL DIVISION,

APPELLEE   §                      SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Henry F.
Hudson appeals from the trial court’s dismissal of his suit against the Texas
Department of Criminal Justice–Institutional Division (TDCJ).  His petition is entitled “Petitioner’s Motion
for Declaratory Judgment and Injunctive Relief.”  In it, he complains that TDCJ has incorrectly
computed his remaining prison time.  The
trial court dismissed his suit pursuant to Chapter 14 of the Texas Civil Practice
and Remedies Code, finding that the “claim is frivolous in that [Hudson’s]
alleged controversy concerns the proper calculation of time credits after [his]
parole was revoked” and citing Hudson’s failure to establish that he had
exhausted his administrative remedies. 
In a single issue, Hudson asserts the trial court erred in dismissing
his suit because he did exhaust his administrative remedies.  We affirm.








            The
Government Code requires an inmate who alleges that time credited on his
sentence is in error to first present the claim to the TDCJ office of time
credit resolution.  Tex. Gov’t Code Ann. § 501.0081 (Vernon
2004); Ex parte Dunlap, 166 S.W.3d 268, 269 (Tex. Crim. App.
2005).  If still aggrieved after
completion of the administrative process, the inmate may file an application
for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal
Procedure.  Tex. Gov’t Code Ann. § 501.0081(b); Jackson v. Johnson,
69 S.W.3d 372, 373 (Tex. App.–Texarkana 2002, pet. denied).  Petitions for postconviction writs of habeas
corpus must be filed in the trial court in which the conviction was obtained,
made returnable to the Texas Court of Criminal Appeals.  Tex.
Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon 2005).  

            A
declaratory judgment action is not the proper vehicle for raising the issue of
computation of time credits.  See Tex. Gov’t Code Ann. §
501.0081(b).  Because Hudson did not
follow the proper procedures, we conclude that dismissal of his declaratory
judgment action was appropriate. 
Therefore, we overrule Hudson’s sole issue without addressing the merits
of Hudson’s claim.  

            We affirm
the trial court’s order of dismissal.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered July 31,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)