

# IN THE
# TENTH COURT OF APPEALS

No. 10-09-00366-CR

## IN RE CLYDE EUGENE SOPHUS

Original Proceeding

## MEMORANDUM OPINION

Clyde Eugene Sophus, a Texas inmate, seeks a writ of mandamus compelling

Respondent, the Honorable Kenneth H. Keeling[1] of the 278th District Court of Madison

County[2], to compel the Texas Department of Criminal Justice and the Texas Board of

Pardons and Paroles to comply with a Court of Criminal Appeals opinion ordering that

Sophus receive additional time credit towards his sentence.[3]  *See Ex Parte Sophus*, No.

---

[1]     Sophus identifies the 278th District Court in his mandamus petition but does not name a particular Respondent.  Judge Keeling is currently the presiding judge of the 278th District Court.

[2]     Although Sophus was convicted in the 12th District Court of Madison County, the Court of Criminal Appeals ordered the 278th District Court to credit Sophus's sentence.  *See Ex Parte Sophus*, No. 73,261 (Tex. Crim. App. Dec. 16, 1998) (per curiam).

[3]     In October 1998, the Court of Criminal Appeals ordered the trial court to make findings of facts and conclusions of law regarding Sophus's entitlement to an additional credit.  The trial court found that Sophus should be credited for an additional 234 days.  In December, the Court of Criminal Appeals ordered TDCJ to credit Sophus's sentence.

73,261 (Tex. Crim. App. Dec. 16, 1998) (per curiam). Sophus argues that he is entitled to release from prison because the TDCJ and the Board have failed to update their records to accurately reflect the time served. We deny the relief requested.[4]

"Texas Government Code Section 501.0081 sets forth the proper procedure to be followed in resolving complaints regarding time-served credit." *In re Alvarado*, No. 13-05-00066-CR, 2005 Tex. App. LEXIS 3425, at *4 (Tex. App.—Corpus Christi Apr. 29, 2005, orig. proceeding) (not designated for publication); s*ee also* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004) (Dispute Resolution: Time-Served Credits). Section 501.0081 "requires an 'inmate who alleges that time credited on the inmate's sentence is in error' to first present this claim to the [TDCJ] office of time credit resolution." *Ex parte Dunlap*, 166 S.W.3d 268, 269 (Tex. Crim. App. 2005). "If still aggrieved after completion of the administrative process, the inmate may file an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure." *Hudson v. Tex. Dep't of Crim. Justice-Inst'l Div.*, No. 12-06-00285-CV, 2007 Tex. App. LEXIS 6057, at *2 (Tex. App.—Tyler July 31, 2007, no pet.) (mem. op.) (citing *Jackson v. Johnson*, 69 S.W.3d 372, 373 (Tex. App.—Texarkana 2002, pet. denied)).

Sophus has not shown any attempt to exhaust his administrative remedies. *See Alvarado*, 2005 Tex. App. LEXIS 3425, at *3 ("Although couched in terms of compelling the trial court to enter an order nunc pro tunc, relator actually seeks to compel the trial

---

[4]     Sophus's application is defective because: (1) his certification does not comply with Rule of Appellate Procedure 52.3(j); and (2) he failed to include the required record pursuant to Rules of Appellate Procedure 52.3 and 52.7. *See* TEX. R. APP. P. 52.3(k)(1); TEX. R. APP. P. 52.7. Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard these deficiencies. *See* TEX. R. APP. P. 2.

court to order the Texas Department of Criminal Justice, Institutional Division, to properly credit his jail time (already reflected in the judgment);" "Relator gives no indication that he has sought administrative relief from the agency in question."). For this reason, we deny Sohpus's petition for writ of mandamus. *See id*. at \*4; *see also In re Gutierrez*, No. 04-04-00144-CV, 2004 Tex. App. LEXIS 2395, at \*1-2 (Tex. App.—San Antonio Mar. 17, 2004, orig. proceeding) (mem. op.).

FELIPE REYNA
Justice

Before Chief Justice Gray
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray concurring with note)\*
Writ denied
Opinion delivered and filed December 30, 2009
[OT06]

\*     (Chief Justice Gray concurs in the denial of Sophus's petition for writ of mandamus but for reasons different than those expressed by the Court. A separate opinion will not issue. Chief Justice Gray notes, however, that he believes the Court misunderstood Sophus's request to be solely a time credit issue. It is not, or at least is not solely, a time credit issue. It appears Sophus is making at least three complaints in this petition. First is that his sentence for four years on possession of a weapon in a prison, a "shank," is void because at the time it was not a felony grade offense. It does not appear that he has previously made this complaint except with his attorneys, neither of whom pursued it. Thus he is raising it for the first time either as an attack on the validity of the sentence, or as a writ arguing that his counsel was ineffective. Second, at first blush, he appears to be complaining that he was not credited for the time a detainer was filed against him with regard to that charge. But Sophus has already successfully pursued, by an 11.07 writ, a time credit issue and was granted almost all of the relief requested when the Court of Criminal Appeals ordered a time credit to be posted to his records for the period a pretrial detainer was placed on him from April 5, 1989 to November 21, 1989. *Ex Parte Sophus*, No. 73,261, (Tex. Crim. App. Dec. 16, 1998) (Not designated for publication). Thus he prevailed on this time credit claim for 214 days on a four year sentence that was stacked on top of his then existing 30 year sentence. He erroneously asserts that he was entitled to 234 days but the

difference is that the days between his indictment and the issuance of the detainer were properly not included as part of the credit for the time during which the detainer was issued. But this difference is not actually part of his complaint in the proceeding in the trial court or here. His second complaint now is actually that TDCJ-ID has failed to post that time credit to his records as ordered by the Court of Criminal Appeals and that with all the credits to which he is otherwise believes he is entitled he should be released. The third complaint, which appears to be the only true time credit issue, is whether he gets "time on the street" credit for December 17, 1999 to June 20, 2003. On this possible issue we are limited in our ability to even understand the complaint due to the absence of any records to explain it or further discussion or argument about what this is in reference to.

As a result of these perceived issues, Sophus petitioned the trial court to order TDCJ-ID to record the credit previously ordered by the Court of Criminal Appeals and to order him released. The trial court properly refused and Sophus was advised by the District Clerk that his remedy would be to file another 11.07 writ. In this proceeding the Court informs Sophus that his remedy is to proceed with an administrative proceeding for a time credit complaint before resorting to the courts. From what has been provided to us with the petition, Chief Justice Gray is unable to determine if the proper remedy for Sophus is another time credit administrative proceeding, another 11.07 writ, or both, or whether it might also be by motion to the Court of Criminal Appeals to enforce its prior judgment. But what is clear is that to the extent that the petition seeks a Writ of Mandamus from this Court to compel the trial court to address his complaints and to order TDCJ-ID to release him from custody, the Court is properly denying Sophus's petition.).