# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *B.B. AND S.B. ON BEHALF OF* *D.B., A CHILD* | § | *ORIGINAL PROCEEDING* |
| | § | |
| *RELATORS* | | |

## *MEMORANDUM OPINION*

Relators B.B. and S.B. on behalf of their minor child, D.B., filed this original proceeding in which they challenge Respondent's grant of an emergency ex parte protective order against Relators on behalf of D.B.[1] We deny the writ.

## BACKGROUND

On January 4, 2024, Real Party in Interest A.W. filed an application for protective order on behalf of her minor son, M.W., against Relators (on behalf of D.B.) pursuant to Title 1, Chapter 7B, Subchapter A of the Texas Code of Criminal Procedure. A.W. alleged that M.W. (who was five years old) was the victim of indecency with a child under penal code Section 21.11, sexual assault under penal code Section 22.011, indecent assault under penal code Section 22.012, and/or aggravated sexual assault under section 22.021 of the penal code, and that D.B. was the perpetrator. According to A.W.'s supporting affidavit, on November 30, 2023, when she picked up M.W. from his grandparents' home, she asked M.W. if he traded any Pokémon cards with his friends that day. Although he answered affirmatively, he did not seem as excited as normal to show his cards to A.W. She asked to see the cards and noticed that the new ones were all considered high value cards. When she asked what M.W. traded to get such good cards, he

---

[1] Respondent is the Honorable Todd L. Kassaw, Judge of the 159th District Court in Angelina County, Texas.

replied, "Nothing, [D.B.] gave them to me," closed his book, shoved the book away, and went to sit by himself.

Later that night, A.W. noticed M.W. continued acting differently. While preparing for bed, M.W. told A.W., "[D.B.] touched my penis on the bus." M.W. demonstrated what D.B. did to him and told A.W. that D.B. touched him with his hand inside his underwear. M.W. stated, "I felt [D.B.'s] hand on my penis" and when he tried to make D.B. stop, D.B. held M.W.'s hands down. According to M.W., this occurred after D.B. gave M.W. the Pokémon cards. M.W. stated that D.B. said, "You're welcome," before putting his hand down M.W.'s pants. M.W. also stated that D.B. showed M.W.'s bottom to another child, but A.W. did not further question M.W. about this incident because he was very upset. A.W. averred that, since this incident, M.W. displays obvious anxiety about whether or not D.B. would be wherever M.W. was going to be.

On January 5, Respondent signed a temporary ex parte protective order that prohibits Relators, on behalf of D.B., from the following:

> (a) communicating directly with [M.W.] in a threatening or harassing manner;
> (b) communicating a threat through any person to [M.W.];
> (c) communicating in any manner with [M.W.] or a member of the family or household of [M.W.], except through [A.W. on behalf of M.W.], [A.W.'s] attorney or a person appointed by the Court….;
> (d) engaging in conduct directed specifically toward [M.W.], including stalking or following, that is reasonably likely to harass, annoy, alarm, abuse, torment or embarrass the person;
> (e) going within 100 yards of [M.W.]; and
> (t) going within 100 yards of the residence, child-care facility, or school [M.W.] normally attends or in which [M.W.] normally resides.

Relators filed a motion to dismiss on January 18, on which Respondent has not yet ruled. Relators filed this original proceeding on January 23.

#### PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another

plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

<br>

## ENTITLEMENT TO MANDAMUS RELIEF

Relators argue that Respondent abused his discretion by granting the ex parte temporary protective order because Respondent lacks jurisdiction over D.B.

## Adequate Remedy

We first address A.W.'s contention that mandamus is not an available remedy. According to A.W., Relators' motion to dismiss raises the jurisdictional issue presented to this Court but Relators failed to allow Respondent an opportunity to consider and rule on the issue before filing this original proceeding. A.W. further maintains that (1) the hearing on her application was scheduled for January 18, (2) Relators filed their motion to dismiss on January 18 and agreed to continue the matter to January 24, and (3) Relators would have a final appealable order from which to appeal had Respondent denied their motion to dismiss and issued the protective order.

"Mandamus is proper if a trial court issues an order beyond its jurisdiction." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). An "order is void when it is clear that the court had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court." *In re Creuzot*, 637 S.W.3d 186, 190 (Tex. App.—Dallas 2021, orig. proceeding). That Respondent has not considered or ruled on the jurisdictional question Relators raise is of no moment. A "lack of subject-matter jurisdiction is fundamental error that can be raised anytime and that an appellate court must review whenever it appears;" the "original-proceeding context is no exception[.]" *In re Pixler*, 584 S.W.3d 79, 83-84 (Tex. App.—Fort Worth 2018, orig. proceeding). And when a trial court's order is void, the relator need not show the lack of an adequate appellate remedy. *Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *Creuzot*, 637 S.W.3d at 190. Accordingly, we conclude that mandamus review is appropriate in this case.

## Abuse of Discretion

A person who is the victim of an offense under certain sections of the penal code, including Sections 21.11, 22.011, 22.012, and 22.021 as alleged in this case, may file an application for a protective order under Title 1, Chapter 7B of the code of criminal procedure.

TEX. CODE CRIM. PROC. ANN. art. 7B.001(a)(1) (West Supp. 2022); *see* TEX. PENAL CODE ANN. §§ 21.11, 22.011, 22.012, 22.021 (West 2019 & Supp. 2023) (indecency with a child, sexual assault, indecent assault, aggravated sexual assault). Additionally, any adult, including a parent or guardian, who is acting on behalf of such victim if the victim is younger than 18 years of age or an adult ward may also file for a protective order. TEX. CODE CRIM. PROC. ANN. art. 7B.001(a)(2). The application may be filed in a district court, juvenile court having the jurisdiction of a district court, statutory county court, or constitutional county court in: (A) the county in which the applicant resides; (B) the county in which the alleged offender resides; or (C) any county in which an element of the alleged offense occurred. *Id*. art. 7B.001(b)(1). The application may also be filed in any court with jurisdiction over a protective order under Title 4 of the family code involving the same parties named in the application. *Id*. art. 7B.001(b)(2). If the court finds from the application that there is a "clear and present danger of sexual assault or abuse, indecent assault, stalking, trafficking, or other harm to the applicant, the court, without further notice to the alleged offender and without a hearing, may issue a temporary ex parte order for the protection of the applicant or any other member of the applicant's family or household." *Id*. art. 7B.002(a) (West Supp. 2022).

Relators argue that Respondent lacks jurisdiction because D.B. is under the age of ten and cannot be subject to criminal or civil liability; thus, they maintain he does not fall under the criminal jurisdiction of the penal code, district court, or juvenile court. They rely on (1) Section 8.07 of the penal code, which provides in pertinent part that a person may not be prosecuted for or convicted of any offense that the person committed when younger than fifteen years of age (except for certain offenses inapplicable to this case), and (2) the juvenile justice code's definition of "child," which gives a juvenile court jurisdiction over a child ten years of age or older and under seventeen years of age. TEX. PENAL CODE ANN. § 8.07(a) (West Supp. 2023) (age affecting criminal responsibility); *see also* TEX. FAM. CODE ANN. § 51.02(2)(A) (West Supp. 2023) (juvenile justice code definitions). Thus, Relators maintain that Respondent has no jurisdiction of a minor under the age of fifteen as to an application for protective order under Chapter 7B because D.B. has not reached the age of criminal responsibility, and that the juvenile court would likewise lack jurisdiction because D.B. is under ten years old. According to Relators, it is "obvious the Legislature intended to make it clear that a child under the age of 10

4

years old lacks substantial capacity to appreciate the wrongfulness of his own actions by not providing the Penal Code nor Juvenile Code jurisdiction over such minors." They assert it is impossible for D.B. to have responsibility under a criminal offense pursuant to the penal code, which they maintain is a requirement for a protective order application under Chapter 7B.

Relators further maintain that M.W. cannot be the victim of an offense as required by Chapter 7B because the "alleged offender cannot be held criminally responsible for the offense, and additionally lacks substantial capacity to appreciate the wrongfulness of his own actions." In so arguing, they rely on the code of criminal procedure's definition of "victim," the penal code's definitions of "actor" and "element of the offense," and Administrative Directive AD-04.83's definition of "offender." *See* TEX. CODE CRIM. PROC. ANN. art. 56A.001(7) (West Supp. 2023) ("Victim" means a person who: (A) is the victim of the offense of sexual assault; kidnapping; aggravated robbery; trafficking of persons; or injury to a child, elderly individual, or disabled individual; or (B) suffered personal injury or death as a result of another's criminal conduct); TEX. PENAL CODE ANN. § 1.07(a)(2) (West Supp. 2023) ("Actor" means a person whose criminal responsibility is in issue in a criminal action); *Id*. §1.07(a)(22) ("Element of offense" means the forbidden conduct; the required culpability; any required result; and the negation of any exception to the offense); *Ex parte Dunlap*, 166 S.W.3d 268, 269 n.2 (Tex. Crim. App. 2005) (noting that Texas Department of Criminal Justice Administrative Directive AD-04.83 defines "offender" as a "person who was convicted of an offense and sentenced to the TDCJ whether incarcerated pursuant to a warrant of arrest, parole violator warrant, or proclamation of revocation and warrant of arrest"). Relators argue that, given these definitions, D.B. "is not and cannot be an actor/offender for the purposes of this matter" and, consequently, without an actor, there can be no offense and no victim.

We first note that A.W. filed the application for protective order on M.W.'s behalf. The code of criminal procedure expressly contemplates a situation in which a parent may need to act on behalf of a child victim in seeking a protective order. *See* TEX. CODE CRIM. PROC. ANN. art. 7B.001(a)(2). She filed the application in the district court in Angelina County, where the parties reside and the alleged offense occurred, as authorized by Chapter 7B. *See id*. art. 7B.001(b)(1); *see also* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive,

appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body").

Moreover, we acknowledge that, with some exceptions inapplicable here, the penal code does not authorize the prosecution or conviction of a person for an offense committed when younger than fifteen years old. *See* TEX. PENAL CODE ANN. § 8.07(a). We further acknowledge that the juvenile court lacks jurisdiction over any delinquent conduct or conduct indicating a need for supervision by D.B., as D.B. is not a child within the meaning of the juvenile justice code. *See* TEX. FAM. CODE ANN. § 51.02(2)(A); *Id.* § 51.04 (West Supp. 2023) (jurisdiction of juvenile court). Nevertheless, a protective order proceeding is not concerned with imposition of civil liability, criminality, or punishment.

However, a protective order does not require a party to establish liability on an underlying cause of action. *Roper v. Jolliffe*, 493 S.W.3d 624, 634 (Tex. App.—Dallas 2015, pet. denied).[2] Moreover, "[c]ourts have long held that entry of a protective order is not equivalent to prosecution for the underlying offense, and a protective order is not punishment." *Lopez v. Occhiogrosso*, No. 14-17-00324-CV, 2019 WL 347336, at *7 (Tex. App.—Houston [14th Dist.] Jan. 29, 2019, no pet.) (mem. op.). Nor is a criminal conviction required to justify a protective order. *Bevers v. Mabry*, No. 05-22-00713-CV, 2024 WL 469550, at *7 (Tex. App.—Dallas Feb. 7, 2024, no pet. h.) (mem. op.) (mem. op.); *Mahmoud v. Jackson*, No. 05-21-00302-CV, 2022 WL 2167683, at *4 (Tex. App.—Dallas June 16, 2022, no pet.). Instead, a protective order is intended to give immediate protection to the applicant and is not intended to correct past wrongs or establish liability. *See Roper*, 493 S.W.3d at 634. Although a protective order under the Texas Code of Criminal Procedure is predicated on the applicant being a victim of a criminal offense, protective-order proceedings are civil proceedings, not criminal or quasi-criminal proceedings. *Bevers*, 2024 WL 469550, at *6. Because a protective order proceeding is not criminal in nature, is not tantamount to punishment or prosecution for the offenses alleged in the application, and does not seek to establish civil liability, we are not persuaded that a person

---

[2] Although *Roper* addressed a family violence protective order under Title 4 of the family code, Chapter 7B provides, "To the extent applicable, except as otherwise provided by this subchapter, Title 4, Family Code, applies to a protective order issued under this subchapter." TEX. CODE CRIM. PROC. ANN. art. 7B.008 (West Supp. 2022). Thus, we find *Roper* and other cases interpreting Title 4 to be instructive.

6

cannot be the subject of a protective order unless they have reached the age of responsibility for purposes of civil liability, criminal prosecution, or delinquency adjudication.

Additionally, when a term is not specially defined in the code of criminal procedure, all words, phrases and terms are to be "taken and understood in their usual acceptation in common language[.]" TEX. CODE CRIM. PROC. ANN. art. 3.01 (West 2005). Chapter 7B does not define "victim" or "offender" and we decline to apply criminal definitions to protective order proceedings when those proceedings are not criminal. Common language defines a "victim" as a "person harmed by a crime, tort, or other wrong," "one that is acted on and usually adversely affected by a force or agent." Black's Law Dictionary 1598 (8th ed. 2004); https://www.merriam-webster.com/dictionary/victim; *Lopez*, 2019 WL 347336, at *9 (applying these definitions to Chapter 7A, which has since been repealed and recodified in Chapter 7B).[3] And while an "offender" is defined as one who committed a crime, it also includes one who transgressed the moral or divine law, violated a law or rule, caused difficulty, discomfort or injury, caused pain, or caused a person to feel hurt, angry, or upset by something said or done. Black's Law Dictionary 1110 (8th ed. 2004); https://www.merriam-webster.com/dictionary/offend. Applying the common language definitions, we conclude that (1) Chapter 7B does not require that an offender be criminally responsible to be subjected to a protective order, and (2) whether a person qualifies as a victim for purposes of a Chapter 7B protective order is not dependent on whether the offender possesses criminal responsibility.

We further note that A.W. filed her application against Relators on behalf of D.B. A parent has the "duty of care, control, protection, and reasonable discipline of the child." TEX. FAM. CODE ANN. § 151.001(a)(2) (West 2014). A parent owes a duty to protect third parties from his child's acts when the injury to the third party is foreseeable. *Alvarez v. Salazar-Davis*, No. 13-18-00366-CV, 2019 WL 5445215, at *5 (Tex. App.—Corpus Christi Oct. 24, 2019, no pet.) (mem. op.). Specifically, parents owe a duty to a third party "if the parent negligently allows his child to act in a manner likely to harm another, if he gives his child a dangerous

---

[3] We cite to Chapter 7A cases because Chapter 7A was repealed and recodified as Chapter 7B without substantive amendment. *See* Act of May 21, 2019, 86th Leg., R.S., ch. 469, § 3.01(2), 2019 Tex. Gen. Laws 1065 (recodified at TEX. CODE CRIM. PROC. ANN. arts. 7B.001 et. seq. (West Supp. 2022)); *see also* Act of May 21, 2019, 86th Leg., R.S., ch. 469, § 4.01, 2019 Tex. Gen. Laws 1065, 1152 ("This Act is intended as a codification only, and no substantive change in the law is intended by this Act"); *Yeung v. Yeung*, No. 01-21-00124-CV, 2023 WL 17537, at *1 n.1 (Tex. App.—Houston [1st Dist.] Jan. 3, 2023, no pet.) (mem. op.).

instrumentality, or if he does not restrain a child known to have dangerous tendencies." *Id*. (quoting *Prather v. Brandt*, 981 S.W.2d 801, 806–07 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)); *Newkumet v. Allen*, 230 S.W.3d 518, 522 (Tex. App.—Eastland 2007, no pet.). Respondent's order prohibits Relators, on D.B.'s behalf, from engaging in certain conduct with respect to M.W. *See Alvarez*, 2019 WL 5445215, at *5 ("Foreseeability is evaluated by looking at the parent's knowledge of, or consent to, or participation in the child's activity").

In sum, this case presents an unfortunate and dismaying set of facts. But the purpose of Chapter 7B is to protect victims of certain offenses and allow those victims to seek protection from the person who committed the offense. *See Webb v. Schlagel*, 530 S.W.3d 793, 809 (Tex. App.—Eastland 2017, pet. denied) (discussing Chapter 7B's predecessor statute); *see also Roper*, 493 S.W.3d at 634. And protecting children is a legitimate government interest. *Schlittler v. State*, 476 S.W.3d 496, 499 (Tex. App.—Tyler 2014), *aff'd* 488 S.W.3d 306 (Tex. Crim. App. 2016); *see New York v. Ferber,* 458 U.S. 747, 756–757, 102 S. Ct. 3348, 3354, 73 L.Ed.2d 1113 (1982) (state interest in safeguarding the physical and psychological well-being of minor is compelling); *Ginsberg v. New York,* 390 U.S. 629, 640, 88 S. Ct. 1274, 1281, 20 L.Ed.2d 195 (1968) (state has interest in welfare of children and safeguarding them from abuses). A conclusion that a child victim could not seek such protection when the offending person is another child would be contrary not only to the statute's purpose but to the policy of this State to protect the interests of children. We simply cannot conclude that the Legislature intended such a result. Thus, under the circumstances of this case, we conclude that Respondent did not abuse his discretion by signing the ex parte protective order against Relators on behalf of their minor child, D.B.

### DISPOSITION

Because Relators have not shown an abuse of discretion justifying mandamus relief, we *deny* the petition for writ of mandamus. All pending motions are *overruled as moot*.

JAMES T. WORTHEN
Chief Justice

Opinion delivered February 29, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 29, 2024**

**NO. 12-24-00010-CV**

**B.B. AND S.B. ON BEHALF OF OF D.B.,**
Relators
V.

**HON. JUDGE TODD L. KASSAW,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by B.B. and S.B. on behalf of D.B.; who are the relators in appellate cause number 12-24-00010-CV and parties to trial court cause number CV-00004-24-01, pending on the docket of the 159th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on January 23, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*