

**NUMBER 13-13-00391-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE DARRIN SCOTT**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion by Justice Longoria[1]**

Relator, Darrin Scott, proceeding pro se, filed a petition for writ of mandamus on July 24, 2013. Through this original proceeding, relator seeks to compel the Honorable Randy M. Clapp of the 329th District Court of Wharton County, Texas to consider and rule on relator's motion for nunc pro tunc judgment regarding relator's 2007 conviction

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

for the felony offense of delivery of a controlled substance. We conditionally grant the petition for writ of mandamus as stated herein.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

Consideration of a request or motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see White v. Reiter*, 640 S.W.2d 586, 594 (Tex. Crim. App. 1982). There is no adequate remedy at law for a trial court's failure to rule because "[f]undamental requirements of due process mandate an opportunity to be heard." *See In re Christensen*, 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding) (citing *Creel v. Dist. Atty. for Medina Cnty.*, 818 S.W.2d 45, 46 (Tex. 1991)). Thus, in proper cases, mandamus may issue to compel the trial court to act. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

The Texas Court of Criminal Appeals has held that where the trial court fails to respond to a nunc pro tunc motion, the appropriate remedy is to seek relief in the appellate courts by way of a petition for a writ of mandamus. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam) (regarding the clerical correction by nunc pro tunc motion of pre-sentence jail time credit).

## II. BURDEN OF PROOF

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise

3

argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661.

### III. ANALYSIS

By one issue, relator contends that "mandamus should issue ordering the trial court to hear the [r]elator's nunc pro tunc motion and order to correct the judgment to reflect the 15 year sentence in the written record to show the true judgment." Relator contends that his sentence should run concurrently rather than consecutively with the sentence for a different offense. This is the second petition for writ of mandamus filed by relator raising this same issue*. See In re Scott*, No. 13-13-00224-CR, 2013 WL 1896317, at *1 (Tex. App.—Corpus Christi Apr. 30, 2013, orig. proceeding) (per curiam) (mem. op., not designated for publication). This Court denied relator's first petition for writ of mandamus on grounds that relator had not met his burden to obtain mandamus relief. *See id.* at *3.

In the instant case, relator's petition for writ of mandamus was filed in substantial compliance with the Texas Rules of Appellate Procedure and contains sections for the identity of parties, the table of contents, an index of authorities, a statement of facts, a statement of jurisdiction, the issues presented, argument and authorities, and prayer. *See generally* TEX. R. APP. P. 52. Although the certification does not follow the specific

4

format required by the appellate rules, relator has verified the contents of the petition as true and correct. *See id.* R. 52.3(j). The petition includes argument supported by appropriate citations to authority and to documents included in the appendix. *See id.* R. 52.3(h). The appendix to the petition includes several items of supporting documentation, including:

(1)     An "Inmate Correspondence Reply" dated February 7, 2013 from the District Clerk of Wharton County to relator stating:

Received your request for Nunc Pro Tunc Motion & Order on December 5, 2012. I have sent your request to Judge Clapp, however it was returned–UNSIGNED–NO ACTION TAKEN. I am enclosing a file stamped copy of your motion.

The copy of the Nunc Pro Tunc Motion and Order attached is not file-stamped; however, the certificate of service reflects a mailing date of December 3, 2012.

(2)     An "Inmate Correspondence Reply" dated March 6, 2013 from the District Clerk of Wharton County to relator stating: "Received your nunc pro tunc motion & order & sent it to the Judge for consideration. It was returned unsigned.

(3)     A March 1, 2013 file-stamped letter from relator to the District Clerk requesting that the District Clerk file relator's nunc pro tunc motion and order and present the nunc pro tunc motion and order to the judge. This letter is annotated in handwriting: "Copy given to District Attorney & original sent to Judge for consideration." The handwritten note is not signed.

This Court requested and received a response to the petition for writ of mandamus from the State of Texas, acting by and through the District Attorney of Wharton County, Texas. The State's response states, in pertinent part:

The relief which relator seeks is specifically prohibited by controlling law. As the judgment in this case shows, relator was convicted of a drug offense by a jury who also found that the offense was committed in a drug free zone. . . . The trial court had no discretion to run relator's sentence concurrently because [section] 481.134(h) of the Health Code prohibits such a sentence.

5

Therefore, relator has failed to meet his burden of showing his entitlement to mandamus relief. A nunc pro tunc judgment is only appropriate to correct clerical errors in a judgment, and there was no clerical error in this case.

*See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(h) (West Supp. 2011) (pertaining to offenses committed in drug-free zones and stating that "[p]unishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute."). The State's response to the petition for writ of mandamus focuses on the merits of relator's motion for nunc pro tunc judgment rather than the trial court's exercise of its ministerial duty in ruling on the motion itself. However, the substantive merit of relator's motion is not before us in this original proceeding. *See In re Shredder Co.*, 225 S.W.3d 676, 680 (Tex. App.—El Paso 2006, orig. proceeding) ("Although we have jurisdiction to direct the trial court to exercise its discretion in some manner, under no circumstances may we tell the trial court what its decision should be."); *In re Ramirez*, 994 S.W .2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) ("However, while we have jurisdiction to direct the trial court to proceed to judgment, we may not tell the court what judgment it should enter.").

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig.

6

proceeding).  The relator must show that the trial court received, was aware of, and was asked to rule on the motion.  *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

In the instant case, relator has furnished an appendix sufficient to support his claim for relief insofar as relator has demonstrated that his pleadings were presented to the respondent and the respondent refused to rule on them.  *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).  Based on this record, relator's motion was properly filed and was brought to the trial court's attention with a request for a ruling.  Therefore, the only remaining issue before us is whether the motion has been pending for an unreasonable amount of time.  In examining this issue, we note that the trial court has broad discretion in managing its docket, but that discretion is not unlimited.  *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 654 (Tex. 2007) (orig. proceeding); *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982).

The trial court has a reasonable time within which to perform its ministerial duty. *See In re Blakeney*, 254 S.W.3d at 661.  Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case.  *See id.* at 662; *In re Chavez*, 62 S.W.3d at 228.  The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one.  *In re Blakeney,* 254 S.W.3d at 661; *In re Keeter*, 134 S.W.3d at 253; *In re Chavez*, 62 S.W.3d at 228.  We examine a "myriad" of criteria including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters

7

which must be addressed first. *In re Blakeney,* 254 S.W.3d at 661; *see Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228–29. Periods of eighteen months, thirteen months, and four months have been held to be too long for a trial court not to rule. *See In re Kleven*, 100 S.W.3d at 644–45 (eighteen months and four months); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) (eighteen months); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. App.—Tyler 1976, orig. proceeding) (per curiam) (thirteen months); *see also In re Armstrong*, No. 06-11-00100-CV, 2011 WL 5561705, at *1 (Tex. App.—Texarkana Nov. 16, 2011, orig. proceeding) (mem. op.) (thirteen months).

In this case, relator's motion for nunc pro tunc judgment has been pending since December 5, 2012, a period of more than nine months. We conclude that relator is entitled to have a ruling on his motion under these circumstances. *See In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228.

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the applicable law, is of the opinion that the petition should be conditionally granted. In so holding, however, we do not reach the merits of relator's pleadings or direct the trial court regarding how to rule on them. *See In re Blakeney*, 254 S.W.3d at 661; *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding).

8

We conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.

    ____/s/ Nora L. Longoria____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
19th day of September, 2013.